## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM RAMSEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 20-2557** |
| **PETER CHHEAN, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is plaintiff William Ramsey's ("Ramsey") motion[1] to remand the above-captioned matter to the Civil District Court for the Parish of Orleans ("CDC") because defendants have failed to demonstrate federal diversity jurisdiction. Defendant Indian Harbor Insurance Company ("Indian Harbor") opposes[2] the motion, and Ramsey has filed a reply[3] to the opposition.  For the following reasons, the motion is granted.

## I.    BACKGROUND

This case relates to an automobile accident that allegedly occurred on April 30, 2019.[4]  Ramsey claims that Peter Chhean ("Chhean") struck him with his automobile while driving for Lyft, which is insured by Indian Harbor.[5]  On April 17, 2020, Ramsey filed suit in CDC, naming as a defendant, among others, Chhean, "a . . . resident of and domiciled in the Parish of Lafayette, State of Louisiana."[6]

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 6.
[3] R. Doc. No. 11.
[4] R. Doc. No. 5-1, at 1.
[5] *Id.*
[6] R. Doc. No. 1-1, at 1 (petition).

Indian Harbor removed the matter on September 18, 2020, citing diversity jurisdiction.[7] The notice of removal alleges that "Chhean is a citizen of and domiciled in the State of Washington."[8] The notice offers no further detail on Chhean's citizenship.

In his motion to remand, Ramsey offers evidence that, at the time of the accident, Chhean was operating a vehicle with a Louisiana license plate, registered in Louisiana to a Louisiana address, while driving on a Louisiana driver's license.[9] Ramsey also offers evidence that Chhean has had vehicles registered to a Louisiana address since 2015.[10] Finally, Ramsey offers evidence that Chhean has a business, "Giant Glazed Donuts, LLC" that was registered with the Louisiana Secretary of State in June 2018 and is domiciled in New Iberia, Louisiana.[11]

In its opposition to Ramsey's motion, Indian Harbor acknowledges that "Chhean was domiciled in Louisiana" at the time the accident occurred in April 2019.[12] As evidence that Chhean was domiciled in Washington at the time the suit was filed, Indian Harbor offers the affidavit of Brandy Wallace ("Wallace"), an

---

[7] R. Doc. No. 1, at 2.

[8] *Id.*

[9] R. Doc. No. 5-1, at 4 (citing R. Doc. No. 5-3 (photo of Chhean's license and registration); R. Doc. No. 5-5 (affidavit of James Roberts ("Roberts"), a private investigator)).

[10] *See* R. Doc. No. 5-5. Ramsey's motion to remand suggests Chhean has had automobiles registered in Louisiana since 2005. R. Doc. No. 5-1, at 4. The Court suspects this is a typo, as Roberts's affidavit and the documentation submitted with it both indicate that the date is 2015. *See* R. Doc. No. 5-5; R. Doc. No. 5-6.

[11] R. Doc. No. 5-1, at 4 (citing R. Doc. No. 5-7). The filing indicates that Chhean is the LLC's registered agent, with a Thibodaux, Louisiana address; it also indicates the LLC is not in good standing. R. Doc. No. 5-7.

[12] R. Doc. No. 6, at 2.

employee of Constitution State Services, Indian Harbor's third party administrator.[13]
In her affidavit, Wallace states that she "spoke to [Chhean] on April 23, 2020" and
that he "confirmed to [her] that he had relocated to the State of Washington from the
State of Louisiana."[14]   Indian Harbor also offers evidence that Ramsey has been
unable to serve Chhean at the Louisiana address listed on his license, and it directs
the Court to a public record website, which indicates that an attempt to serve Chhean
at that address during the summer of 2020 failed because he was "not a resident."[15]

## II.    LAW AND ARGUMENT

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which
the district courts of the United States have original jurisdiction, may be removed by
the defendant or the defendants, to the district court of the United States for the
district and division embracing the place where such action is pending," unless
Congress provides otherwise.  Jurisdictional facts supporting removal are assessed
at the time of removal.  *Louisiana v. American Nat'l Prop. Cas. Co.*, 746 F.3d 633,
636–37 (5th Cir. 2014).  However, "diversity of citizenship must exist both at the time
of filing in state court and at the time of removal to federal court."  *Coury v. Prot*, 85
F.3d 244, 249 (5th Cir. 1996) (citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776
(7th Cir. 1986)).  "In making a jurisdictional assessment, a federal court is not limited
to the pleadings; it may look to any record evidence, and may receive affidavits,

---

[13] R. Doc. No. 6, at 3 (citing R. Doc. No. 6-1 (Wallace's affidavit)).
[14] R. Doc. No. 6-1.
[15] R. Doc. No. 6, at 4 (citing R. Doc. No. 6-2 and http://civilinquiry.opso.us/case).

deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Id.* (citing *Jones v. Landry*, 387 F.2d 102 (5th Cir. 1967)).

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)). "[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Smith v. Bank of America Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and "all persons on one side of the controversy [are] citizens of different states than all persons on the other side at the time the complaint was filed." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 750 (5th Cir. 2020) (internal quotation marks and citation omitted).[16] "[T]o be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state." *Coury*, 85 F.3d at 248.

A change in domicile typically requires both physical presence in a new location and "an intention to remain there indefinitely . . . or, as some courts articulate it, the absence of any intention to go elsewhere." *Id.* at 250 (citations omitted). "[M]ere

---

[16] It is currently uncontested that the amount in controversy exceeds $75,000. *See* R. Doc. No. 11, at 1.

presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent." *Id.* "In most cases, the difficult issue is not presence but whether the intent to change domicile can be shown." *Id.* (citation omitted).

"A person's domicile persists until a new one is acquired or it is clearly abandoned." *Id.* (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974); *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986)). "There is a presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict." *Id.* (citing *Lew*, 797 F.2d at 751). "[T]he party attempting to show a change assumes the burden of going forward on that issue." *Id.* "The ultimate burden . . . rests with the . . . party invoking federal jurisdiction." *Id.* at 250–51 (citing, among others, *Gregg v. La. Power & Light Co.*, 626 F.2d 1315 (5th Cir. 1980); *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966); *Lew*, 797 F.2d at 751).

"To determine intent to change domicile, a court should consider where a litigant exercises civil and political rights, pays taxes, owns real and personal property, has a driver's or other licenses, maintains bank accounts, belongs to clubs or churches, has places of business or employment, and maintains a home for his family." *Terese v. 1500 Lorene LLC*, No. 09-4342, 2013 WL 308988, at *7 (E.D. La. Jan. 25, 2013) (citing *Coury*, 85 F.3d at 251). "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Coury*, 85 F.3d at 251 (citing *Freeman v. Nw. Acceptance*

*Corp.*, 754 F.2d 553, 556 (5th Cir. 1985); *Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir. 1972)).

It is also uncontested that Ramsey is a citizen of Louisiana for purposes of § 1332 and that the defendants, save Chhean, are not. The case therefore turns on whether Indian Harbor has carried its burden of pleading and establishing Chhean's domicile in Washington.

Ramsey argues that Indian Harbor's notice of removal failed to "prov[e] by a preponderance of the evidence the domicile or citizenship of [Chhean]."[17] In support of this argument, he points out the conclusory nature of Indian Harbor's allegation regarding Chhean's citizenship; he also cites the aforementioned evidence that Chhean was domiciled in Louisiana at the time of the accident.[18]

In response, Indian Harbor argues that, once a removing party has adequately alleged diversity of parties, the burden shifts and a party seeking remand must "properly challenge" the allegations of diversity.[19] Only then, Indian Harbor claims, does the burden shift back to the removing party to offer evidence of diversity. Indian Harbor does not offer the Court any test with which to evaluate whether diversity has been "properly challenged;" it simply concludes that Ramsey has not met this requirement.[20] This is so, it claims, because none of the evidence offered by Ramsey goes to Chhean's residence or domicile on April 17, 2020, when the petition was

---

[17] R. Doc. No. 5-1, at 1.
[18] *Id.* at 4–5.
[19] R. Doc. No. 6, at 3 (quoting *Mas*, 489 F.2d at 1399; *Ochoa v. PV Holding Corp.*, No. 06-10716, 2007 WL 496612, at *7 (E.D. La. Feb. 8, 2007) (Feldman, J.)).
[20] *Id.*

filed.[21]  Because of this failure, Indian Harbor reasons, it need not offer evidence of either Chhean's residence in Washington or domiciliary intent.[22]

Indian Harbor goes on to argue that if Ramsey has properly challenged diversity, Wallace's affidavit and the evidence of Ramsey's difficulty serving Chhean in Louisiana are adequate evidence that Chhean was a citizen of Washington when the case was filed.[23]

Predictably, Ramsey's reply pounces on Indian Harbor's failure to offer any evidence of Chhean's domicile in Washington.[24]  Noting Chhean's history of domicile in Louisiana, Ramsey argues that the presumption of continued domicile applies.[25] And, Ramsey continues, neither Wallace's affidavit nor the service issues offer any clue as to Chhean's domiciliary intent.[26]

Ramsey also argues that Indian Harbor's evidence fails to establish that Chhean had in fact moved at the time of filing of the petition.[27]  While Chhean did indicate to Wallace that he had "relocated" to Washington, he did days *after* filing.[28] And Wallace's affidavit offers no information as to when the move occurred.[29]

## III.  ANALYSIS

---

[21] *Id.*

[22] *Id.* (citing *Mas*, 489 F.2d at 1399; *Ochoa*, 2007 WL 496612, at *7).

[23] *Id.* at 3–4.  Indian Harbor also includes in its opposition briefing addressing the amount in controversy requirement.  *Id.* at 4.  Because there is no dispute that this requirement is satisfied, the Court will not address the argument.

[24] R. Doc. No. 11, at 2.

[25] *Id.*

[26] *Id.* at 4.

[27] *Id.*

[28] *Id.*

[29] *Id.*

It is true that *Ochoa* (quoting *Mas*) speaks of the removing party's burden when diversity is "properly challenged." *See Mas*, 489 F.2d at 1399; *Ochoa*, 2007 WL 496612, at *7. An identical quote exists in *Ray v. Bird and Son and Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975) (per curiam) (citing *Mas*, 489 F.2d at 1399). However, in *Guerrero v. State Farm Mut. Auto. Ins. Co.*, the Fifth Circuit, interpreting *Ray*, concluded that diversity was "properly challenged" because the plaintiff "argu[ed] in her motion to remand that" jurisdiction did not exist, suggesting that the requirement is one of argument, not evidence. 181 F.3d 97 (5th Cir. 1999) (per curiam). And at other times, the Fifth Circuit has stated simply that "[t]he party invoking federal jurisdiction bears the burden of proof if diversity is challenged." *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 878 n.16 (5th Cir. 2004) (quoting *Village Fair Shopping Ctr. Co. v. Sam Broadhead Trust*, 588 F.2d 431, 433 (5th Cir. 1979)).[30]

Furthermore, neither *Mas* nor *Ochoa* can be read as establishing a minimum evidentiary threshold for a motion to remand. *Mas* involved a post-trial motion, not a motion to remand. 489 F.2d at 1399. And *Ochoa*, without analyzing the motion to remand's sufficiency, noted that "[t]he defendants have the burden of showing that removal was proper" and failed to "carry [that] burden." 2007 WL 496612, at *3. The only evidence offered by the *Ochoa* plaintiff in support of her contention that the defendant was a Louisiana resident appears to have been the defendant's "Louisiana driver's license, which he presented at the time of the accident, and the fact that he did not have permanent employment" in his new state until after the suit was filed.

---

[30] The Court notes that *Village Fair* cited *Ray* for that proposition. *Id.*

*Id.* The court made no mention of the adequacy of the motion before concluding that remand was appropriate. *Id.* at 4.

Furthermore, courts reviewing motions to remand and finding that neither plaintiff nor the removing defendant have offered sufficient evidence on the issue of citizenship resolve the matter in favor of remand. *See, e.g.*, *Robert v. Lambert*, No. 16-13746, 2016 WL 5662867, at *2 (E.D. La. Oct. 3, 2016) (Engelhardt, J.) (remanding because removing defendants failed to carry burden after noting that a number of plaintiff's allegations in her motion to remand were unsupported by evidence and that both she and the defendants had "submitted very little evidence to the Court").

And, even if some evidentiary standard for a motion to remand did exist, Ramsey has offered ample evidence in support of his contention that Chhean was domiciled in Louisiana when the state court petition was filed. Chhean's driver's license, vehicle registration, and 2018 establishment of a Louisiana LLC are all evidence of domicile. Furthermore, Indian Harbor *acknowledges* that Chhean was a domiciliary of Louisiana at the time of the accident, less than a year before the petition was filed.[31] As noted above, the Fifth Circuit recognizes a presumption of continuing domicile. It is undisputed that Chhean was domiciled in Louisiana. The presumption applies.

Simply put, the burden is on Indian Harbor to establish Chhean's citizenship. This requires a showing that (1) Chhean was living in Washington at the time of the filing and (2) that he intended to remain there. *See Coury*, 85 F.3d at 250. Because

---

[31] R. Doc. No. 6, at 2.

Indian Harbor is the party alleging a change in domicile *and* the party asserting federal jurisdiction, it has both the initial burden to offer evidence of the change *and* the ultimate burden of proof of diversity.  *See id.*

The Court need not evaluate whether Indian Harbor has offered sufficient evidence of the relocation because it has failed to offer *any* evidence of a change in domiciliary intent.  The Fifth Circuit has made clear that relocation does not carry with it a presumption of change in domiciliary intent.  *See id.*  Voter registration, tax returns, property ownership, automotive registration—there are countless forms of evidence of such intent.  Indian Harbor offers none.

And even if one were to construe Wallace's statement that Chhean told her he had "relocated" as some evidence of intent, such a statement is not irrefutable.  *See id.* at 251.  Ramsey has offered significant evidence of Chhean's domicile in Louisiana—and Indian Harbor has offered almost no evidence of a change in Chhean's domiciliary intent.  The Court will not infer Chhean's intent from one word of hearsay.  Our jurisprudence is clear: doubts as to the existence of diversity jurisdiction are to be resolved in favor of remand.  *See Manguno*, 276 F.3d at 723. And the Court has significant doubts.

## IV.  **CONCLUSION**

Indian Harbor has failed to offer sufficient evidence that diversity existed at the time the petition was filed.  Therefore,

**IT IS ORDERED** that the motion is **GRANTED**; the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

10

New Orleans, Louisiana, December 18, 2020.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**